## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE JAVIER DEJESUS,
                         *Petitioner,*

        v.

KEN HOLLIBAUGH, et al.,
                         *Respondent.*

CIVIL ACTION
NO. 23-3626

## <u>ORDER</u>

**AND NOW**, this 11th day of May 2026, upon consideration of Jose Javier

DeJesus's Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Report and

Recommendation of U.S. Magistrate Judge Scott W. Reid, (Dkt. No. 13), to which

DeJesus did not object, it is **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

---

[1]    Magistrate Judge Reid described the factual and procedural history of this matter in his Report and Recommendation that Jose Javier DeJesus's *habeas* petition be denied.  *See* (R&R at 1–2, Dkt. No. 13 (citations omitted)).  A jury convicted DeJesus of second-degree murder, robbery and related firearm offenses after he shot Raymond McKinley during a robbery in January of 1997, when DeJesus was seventeen years old. (Post Conv. Relief Act Pet., Dkt. No. 12-16.)  DeJesus received a statutorily mandated sentence of life without parole. (*Id.*)  He filed a Post Conviction Relief Act petition and the PCRA court vacated his sentence pursuant to new Supreme Court decisions and ordered resentencing. (Order Vacating Sentence, Dkt. No. 12-19.)  He was resentenced to life without parole. (Findings of Fact and Conclusions of Law, Dkt. No. 12-46.)  He filed a post-sentence motion, which was denied, and the Pennsylvania Superior Court, sitting *en banc*, affirmed his sentence. (*Commonwealth v. DeJesus*, 266 A.3d 49 (Pa. Super. Ct. 2021), Dkt. No. 7-1.)  The Pennsylvania Supreme Court denied review on June 22, 2022. (Dkt. No. 12-84.)  DeJesus then challenged his sentence of life without parole pursuant to 28 U.S.C. § 2254, claiming it violated (1) "substantive due process under the Fourteenth Amendment[,]" (2) "the Equal Protection Clause[,]" (3) "the Eighth Amendment[,]" and further was (4) "illegal as it was not imposed pursuant to the constitutional process dictated by federal law." (Pet. for Writ of *Habeas Corpus* at 6–8, 13, Dkt. No. 1-1.)

    Judge Reid recommended denying DeJesus's petition.  Although DeJesus requested and was granted an extension of time to file objections, (Dkt. Nos. 14 & 15), the March 9, 2026 deadline has come and gone.  Where, as here, no objections are made to an R&R, a district court need not "determine *de novo* whether a magistrate judge erred" in denying such claims. *Medina v. DiGuglielmo*, 461 F.3d 417, 426 (3d Cir. 2006) (citing Fed. R. Gov. § 2254 Cases 8(b)).  However, as a matter of good practice, courts generally review unobjected-to claims for clear error. *See, e.g., Harris*

2.      DeJesus's petition for a writ of *habeas corpus* is **DENIED** and **DISMISSED**.

3.      A certificate of appealability **SHALL NOT** issue, in that the DeJesus has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this decision.  *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

*v. Mahally*, No. 14-2879, 2016 WL 4440337, at \*4 (E.D. Pa. Aug. 22, 2016); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

Judge Reid's recommendation is not clearly erroneous.  First, with respect to Dejesus's claim that his sentence violated the Eighth Amendment, Judge Reid observed that the Supreme Court decisions in *Miller v. Alabama*, *Montgomery v. Louisiana* and *Jones v. Mississippi* govern and that the Pennsylvania Superior Court reasonably applied them.  (R&R at 8 (citing *Miller*, 567 U.S. 460 (2012); *Montgomery*, 577 U.S. 190 (2016) and *Jones*, 141 S. Ct. 1307 (2021)).  Those cases do not distinguish between first and second degree murder and permit sentences of life without parole as long as the sentence is "not mandatory" and the sentencing court "consider[s] an offender's youth and attendant characteristics."  *See Jones*, 141 S. Ct. at 1311, 1314 (reviewing "a series of Eighth Amendment cases applying the Cruel and Unusual Punishments Clause" to sentences for offenders under eighteen years old).  Applying these principles, the Superior Court rejected DeJesus's argument that his sentence violated the Eighth Amendment.

And the Court discerns no clear error in Judge Reid's determination that DeJesus's remaining claims are unexhausted or procedurally defaulted.  First, DeJesus never raised his substantive due process claim in state court, so it is unexhausted.  *See* 28 U.S.C. § 2254(b)(1).  Next, his Equal Protection claim is procedurally defaulted because he did not properly present it to the trial court before raising it on appeal to the Pennsylvania Superior Court.  *See* Pa. R. App. P. 302(a) ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *and see Werts v. Vaughn*, 228 F.3d 178, 194 (3d Cir. 2000) (applying Pennsylvania Appellate Rule 302(a) and finding claims were waived "because they could have been raised at an earlier stage in the proceedings and were not.").

Finally, DeJesus's claim that his sentence was "not imposed pursuant to the constitutional process dictated by federal law" has two components, one of which is unexhausted and the other procedurally defaulted.  In his petition, DeJesus argues the sentencing court did not consider his "youth and attendant circumstances" in its sentence, but this claim is unexhausted because he never raised it before the Superior Court.  *See* (Dkt. No. 7-1 at 8 ("Appellant does not argue that the sentencing court failed to consider Appellants 'youth and attendant characteristics.'")).  And, although DeJesus raised his "amenab[ility] to rehabilitation" before the Superior Court, that court declined review for lack of jurisdiction because the claim improperly challenged a discretionary aspect of his sentence.  (Dkt. No. 7-1 at 8.)  The claim is thus procedurally defaulted.